1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AISHA HOLLINS | Case No.: 2:23-cv-02033-GMN-NJK |
| Plaintiff, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | |
| BOYD GAMING CORPORATION, and DOES 1 THROUGH 25, Inclusive, | **[SPECIAL SCHEDULING REQUESTED]** |
| Defendant(s). | |

Pursuant to Federal Rule of Civil Procedure 26(f), Plaintiff Aisha Hollins ("Plaintiff"), by and through her counsel of record, Douglas/Hicks Law and F. Travis Buchanan, Esq. & Associates, and Defendant Boyd Gaming Corporation ("Defendant"), by and through its counsel of record, the law firm of Jackson Lewis, P.C., hereby stipulate to the following Joint Proposed Discovery Plan and Scheduling Order based on the following:

**<u>Special Scheduling Requested</u>**

Special scheduling is requested for a 180 day discovery period to commence from the date Defendant will file its Answer on <u>**March 26, 2024.**</u> This date is requested because Defendant first appeared in this case on January 16, 2024, when it filed a partial motion to dismiss Plaintiff's Claim under 42 U.S.C. § 1983. ECF No. 13. Calculating the discovery deadline from the date of Defendant's first appearance will not provide enough time for the parties to thoroughly conduct

discovery. If the 180-day discovery period were commenced on the date Defendant first appeared, January 16, 2024, rather than the stipulated date for Defendant to file its Answer to Plaintiff's Complaint (March 26, 2024), the parties would have roughly 4 months remaining to conduct discovery in a case involving allegations of race discrimination, harassment, and retaliation.

In the month of April leading up to the Early Neutral Evaluation Session (ENE), the parties are focusing on producing Initial Disclosures, Plaintiff providing an opening settlement demand, and exchanging any preliminary information that will assist the parties in exploring resolution for this case at the ENE.

All parties of record participated in the meeting required under Fed. R. Civ. P. 26(f) on **March 7, 2024**.  Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(e), the parties hereby stipulate to the following discovery plan and scheduling order, with a 180-day discovery period commencing on **March 26, 2024**.

## Stipulated Discovery Plan

1. **Initial Disclosures:** The parties participated in the scheduling conference pursuant to Fed. R. Civ. P. 26(f) on **March 7, 2024.** The initial disclosures will be made three weeks after the 26(f) by **March 28, 2024.** Aside from timing, the parties do not believe that any changes are necessary as to the form or requirement of disclosures under Rule 26(a).

2. **Discovery Cut-Off Date(s):** The last day of discovery shall be **September 23, 2024**, which is 181 days (as the 180th day falls on Sunday, September 22, 2024, a non-judicial day) from the date Defendant and Plaintiff have stipulated to the submission of Defendant's Answer to Plaintiff's Complaint, of **March 26, 2024.**

3. **Amending the Pleadings and Adding Parties:** The parties shall have until **June 25, 2024** which is ninety (90) days before the discovery cut-off date.

4. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** The disclosure of any expert witnesses shall be made sixty-one (61) days before the discovery deadline, by **July 25, 2024**.  The disclosures of any rebuttal experts shall be due thirty-two (32) days (as the 30th day falls on Saturday, August 24, 2024) before the discovery deadline, by **August 26, 2024**.

5. **Dispositive Motions:** Dispositive motions may be filed no later than **October 23, 2024**, thirty (30) days after the discovery deadline. In the event that the discovery period is extended

from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing dispositive motions shall be extended for the same duration, to be no later than thirty (30) days after the subsequent discovery cut-off date.

6.    **Pretrial Order:** If no dispositive motions are filed, the Joint Pretrial order shall be filed by **November 22**, **2024,** which is not later than thirty (30) days after the date set for filing dispositive motions. In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision of the dispositive motions or until further order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this Joint Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time period set forth in this paragraph.

7.    **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections thereto, shall be included in the pretrial order.

8.    **Extensions or Modifications of the Discovery Plan and Scheduling Order:** In accordance with Local Rule 26-4, a stipulation or motion for modification or extension of this discovery plan and scheduling order and any deadline contained herein, must be made not later than twenty-one (21) days before the subject deadline.

9.    **Scope of Discovery:** The parties are in agreement that discovery will be needed on the Plaintiff's claims raised in the Complaint, and Defendant's denials and the affirmative defenses raised in the Answer.  No changes should be made on the limitations of discovery imposed under Federal Rules of Civil Procedure or Local Rules.

10.    **Electronic Filing and Service:** The Parties attorneys of record in this matter are registered users with the Court's electronic filing system and as such, consent to electronic service of all documents and things electronically filed with the Court, except for pleadings and other documents set forth in Fed. R. Civ. P. 4.  For documents and things that are not filed with the Court, the parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F),  each consent to electronic service of the same as follows: for Plaintiff, service shall be made by email to jamon@douglashickslaw.com and travis@ftblawlv.com,    and    for    Defendant,    service    shall    be    made    by    email    to deverie.christensen@jacksonlewis.com and kelley.chander@jacksonlewis.com.

11. **Electronically Stored Information:** The parties do not at this time anticipate any issues regarding disclosures, discovery or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image (e.g., .pdf or .tiff) file, while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure. The parties shall work in good faith with respect to the production of ESI, and meet and confer should any dispute arise.

12. **Electronic Evidence at Trial:** In compliance with Local Rule 26-1(b)(9), the parties certify they have discussed presenting evidence in an electronic format to jurors for the purposes of jury deliberations.

13. **Privileged or Protected Documents:** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the Parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

14. **Alternative Dispute Resolution:** In compliance with Local Rule 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute

4

resolution processes, but no agreement has been reached. The parties will continue to evaluate opportunities for alternative dispute resolution.

15. **Alternative Forms of Case Disposition:** In compliance with 28 U.S.C. § 636(c) and Local Rule 26-1(b)(8), the parties have considered consenting to the assigned Magistrate Judge, as well as the Short Trial Program, but do not consent to trial by the magistrate judge or to the use of the Court's Short Trial Program.

Dated this 8th day of March, 2024.

DOUGLAS/HICKS LAW

/s/ *Jamon R. Hicks*
JAMON R. HICKS, ESQ.
SBN: 232747- *Admitted Pro Hac Vice*
NOEL ARREOLA, ESQ.
SBN: 346843 *Pro Hac Vice Pending*
5120 W. Goldleaf Cir., Suite 140
Los Angeles, California 90056
Attorney for Plaintiff

F. TRAVIS BUCHANAN, ESQ. &
ASSOCIATES

/s/ *F. Travis Buchanan*
F. TRAVIS BUCHANAN, ESQ.
Nevada Bar No. 9371
701 E. Bridger Avenue, Suite 540
Las Vegas, Nevada 89101
Attorney for Plaintiff

JACKSON LEWIS P.C.

/s/ *Deverie J. Christensen*
DEVERIE J. CHRISTENSEN, ESQ.
Nevada Bar No. 6596
MICHAEL A. BURNETTE, ESQ.
Nevada Bar No. 16210
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Attorneys for Defendant

**<u>ORDER</u>**

IT IS SO ORDERED:

_____
United States Magistrate Judge

Dated: ___March 11, 2024___

5